**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DONALD ZIMMERMAN** | § § | |
| v. | § § | 1:15-CV-00628-LY |
| **CITY OF AUSTIN, TEXAS** | § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Amended Motion for Attorney Fees (Dkt. No. 94), Defendant's Response (Dkt. No. 96), Defendant's Supplemental and Amended Response (Dkt. No. 98), Defendant's Errata Notation (Dkt. No. 99), and Plaintiff's Reply (Dkt. No. 100). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

This motion arises out of a dispute between Donald Zimmerman and the City of Austin (COA) over the latter's campaign finance laws. Zimmerman sued the COA under 42 U.S.C. § 1983, challenging four separate campaign finance provisions in the city charter on First Amendment grounds. The provisions outlined four separate rules for city council campaigns, namely rules that capped individual contributions, a rule setting a non-individualized aggregate cap on non-Austin area contributions, a rule limiting fundraising to 180 days before elections, and lastly a rule requiring post-election disgorgement of leftover campaign funds. Judge Yeakel ruled in Zimmerman's favor as to the temporal fundraising and disgorgement rules, but rejected the attack as to the rules concerning individual and non-individualized aggregate contribution caps. The Fifth Circuit affirmed that judgment. *Zimmerman v. City of Austin*, 881 F.3d 378 (5th Cir. 2018), *cert. denied*,

139 S.Ct. 639 (2018). Zimmerman now brings this motion seeking fees and expenses as a partially prevailing party under 42 U.S.C. § 1988(b). Zimmerman seeks $210,520.00 in fees and $2,763.01 in expenses from the COA. The fee claim includes $156,630.00 for trial work through judgment, $43,890 for appeal, and $10,000 for the fee request (Dkt. No. 100 at 1).

## I. LEGAL STANDARD

Under the American rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.LP. v. ASARCO LLC*, 135 S. Ct. 2158, 2161 (2015). Accordingly, "[a] district court may not award attorneys' fees 'unless a statute or contract provides' the basis for such an award." *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016) (quoting *Baker Botts*, 135 S.Ct. at 2164). Federal Rule of Civil Procedure 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award. FED. R. CIV. P. 54(d)(2). *See White v. Reg'l Adjustment Bureau, Inc.*, 2013 WL 12175083 at * 4 (N. D. Tex. June 16, 2013) (noting that party must identify a statute or rule to recover fees under Rule 54). However, Rule 54(d)(2) does not supply the substantive prerequisites for obtaining attorneys' fees and expenses; rather, those requirements are "governed by the same law [*e.g.*, federal or state] that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "One basic substantive requirement is that the requested fees and expenses be recoverable in the first place." *Rodriguez v. Quicken Loans, Inc.*, 257 F. Supp. 3d 840, 844 (S.D. Tex. 2017). "Even when a party has satisfied Rule 54(d)(2)'s procedural requirements and the governing substantive law permits recovery, the decision whether to award attorney's fees and expenses remains subject to the district court's equitable discretion." *Id.*

In determining whether a request for attorneys' fees is reasonable, a three step process is generally employed: (1) determine the nature and extent of the services provided by counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of certain enumerated factors that may be of significance in the particular case. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir. 1982). Steps one and two result in a computation of the "lodestar" amount—that is, a computation of the reasonable number of hours expended by counsel multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Texas courts, like district courts within the Fifth Circuit, apply the lodestar method to calculate attorneys' fees. *Rappaport v. State Farm Lloyds*, 2001 WL 1467357 at *3 (5th Cir. 2001); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). Once the initial "loadstar" amount has been calculated, the court then considers the twelve "*Johnson* factors" and, in its discretion, adjusts the lodestar amount accordingly. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

## II. ANALYSIS

**A.     Fees for Trial Phase**

The Court first turns to the question of whether Zimmerman has waived his right to move for fees. The COA argues that Zimmerman waived his right to request trial-level fees and expenses because he failed to file his claim within 14 days of judgment, as required by this Court's local rules. The COA notes that Zimmerman did not miss the deadline by only a little bit, but rather he waited more than a year and a half to make his request. Zimmerman acknowledges that his motion was filed late, but argues that Local Rule CV-7(j)(3) grants the Court discretion to consider it. Zimmerman additionally argues that he made a "good-faith error" in filing late "in an effort to preserve judicial

3

and party resources . . . intend[ing] to wait until the resolution of the appeal and cross-appeal in order to avoid requiring [a] complicated kind of fee calculation . . . until the case was final." (Dkt. No. 94 at 8). Zimmerman also notes that the local rules provide the Court discretion if an application is not filed in a timely manner and points out the language of CV-7(j)(3) is not mandatory, but rather states that a motion filed beyond the 14 day period "**may be** deemed untimely."

> The applicable local rule states:
>
> Unless the substantive law requires a claim for attorney's fees and related nontaxable expenses to be proved at trial as an element of damages to be determined by a jury, a claim for fees shall be made by motion **not later than 14 days after entry of judgment** pursuant to Federal Rule of Civil Procedure 54(d)(2) and pursuant to the following provisions.

Local Rule CV-7(j)(1) (emphasis added). While Zimmerman argues that the COA had notice in his complaint of his intention to seek attorney's fees, the Federal Rules' Advisory notes state that this is not the only rationale behind the 14-day period. FED. R. CIV. P. 54 advisory committee notes (subdivision d). As the Advisory Committee notes explain, the 14-day window also allows "an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." *Id*. It also allows a court to make a ruling on a fee request so that any appellate review of a dispute over fees can occur simultaneously with a review on the merits of the case. *Id*.; *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996). The Fifth Circuit has emphasized this, explaining:

> Under the procedural rules that govern our courts, attorneys' fees must be specifically requested in a timely fashion. This is accomplished by including a request for attorneys' fees in the pleadings and by timely filing a Rule 54(d) motion following entry of judgment, unless excepted from the motion requirement because fees were proved as damages at trial.

*United Industries*, 91 F.3d at 766. The Advisory Committee notes also state:

4

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filling a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59.

FED. R. CIV. P. 54 advisory committee notes (subdivision d).

Here, it is undisputed that Zimmerman did not file a motion for attorneys' fees within fourteen days of entry of judgment as required by Rule 54(d). Zimmerman's only explanation for the late filing—an attempt to conserve judicial resources—betrays an ignorance of the basis for the rule, and is countered by the well-thought out rationale articulated in the Advisory Committee notes. Indeed, Zimmerman did not merely miss the 14-day window by several days, but waited almost two years to file his request. And though the District Court did grant the Joint Motion to Defer Disposition of Fee issues to allow the cert petition to be ruled on after the Fifth Circuit affirmed the judgment here, the District Court explicitly noted in its order that "[n]othing in this Order is intended to resolve in any way any issues about timeliness and jurisdiction on remand concerning attorney fees." (Dkt. No. 91). Zimmerman's failure to file the fee request within the allowed period waived any right to make a claim for trial-level attorney fees.

**B.      Appellate Fees and Fees for Submitting the Fee Request**

Zimmerman additionally seeks his appellate-level fees and fees for preparing and filing his fee request. The Fifth Circuit did not address the issue of fees for Zimmerman's attorneys' work on appeal, noting that Zimmerman failed to properly present for review questions related to attorneys' fees because he had not moved for fees at the district level. *Zimmerman*, 881 F.3d at 378. In addition, the Fifth Circuit ordered that each party bear its own costs on appeal. (Dkt. No. 90).

Both a district court and a court of appeals have the authority to award appellate attorney fees. *Stone v. City of Wichita Falls*, 668 F.2d 233 (5th Cir. 1982). As noted earlier, Rule 54 requires the filing of a motion in order to alert an adversary and the court that there is a claim for fees. The commentary to Rule 54 states that "[a] new period for filing will automatically begin **if a new judgment is entered** following a reversal or remand by the appellate court or the granting of a motion under Rule 59." FED. R. CIV. P. 54. advisory committee notes (emphasis added). After granting a motion for fees, the Fifth Circuit previously has both determined the fees itself and has remanded the issue to the district court to calculate the exact fee amount. *Norris v. Hartmarx Speciality Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990) (circuit court awarding fees for appeal and remanding to the district court to determine the amount of fees for appellate work); *Stelly v. C.I.R.*, 804 F.2d 868, 871 (5th Cir. 1986) ("In some cases where we have imposed sanctions, we have determined the amount of the sanction ourselves. In other cases . . . we have remanded the case to the district court in order to determine the amount of attorney's fees."). The Fifth Circuit has also remanded the issue of appellate attorneys' fees where a party first requested and received attorneys' fees from the district court. *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003). Notably, the Fifth Circuit has also found that a district court abused its discretion by awarding appellate fees to a party that failed to request fees in its initial fee motions in the district court and the appellate court. *Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 73 Fed.Appx. 78 (5th Cir. 2003) (unpublished).

As with Zimmerman's trial level fees, here too his appellate-level fees (and fees for his fee request) will be denied. As with his trial-level fees, Zimmerman did not meet Rule 54's 14-day time limit to request appellate attorney's fees after the trial court's judgment. In addition, given that there

was no reversal or remand issued by the appellate court, the Court has not entered a new judgement that would start a new period for filing Rule 54(d) motions. *See ATEL Martitime Investors, LP v. Sea Mar Mgmt, LLC*, No. 08-1700, 2015 WL 423308, at *4 (E.D. La. Feb. 2, 2015) (denying appellate fees when there was no reversal or remand by the appellate court, thereby precluding a new judgment by the district court that would start a new period for filing Rule 54(d) motions); *South Tex. Elec. Coop. v. Dresser-Rand Co.*, No. V-06-28, 2010 WL 1855959, at *2 (S.D. Tex. May 5, 2010) ("hold[ing] that requests for appellate attorneys' fees made outside the 14-day window provided for in Rule 54(d) by a prevailing party in the district court, who also prevails on appeal, are untimely.").

### III. CONCLUSION

Accordingly, it is recommended that Plaintiff's Motion for Attorney Fees be **DENIED**. (Dkt. No. 94).

SIGNED this 28th day of June, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE